NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-50191 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00474-PSG-6 |
| v. | |
| LALONNIE EGANS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Submitted February 8, 2024**
Pasadena, California

Before:  WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Lalonnie Egans appeals the sentence imposed by the district court following
her jury conviction of three counts for health care fraud in violation of 18 U.S.C. §
1347 for her role in Atlantic Recovery Services' ("ARS") scheme to bill
California's Drug Medi-Cal program for fraudulent substance-abuse treatment.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err by finding that Egans played a supervisory role in the scheme and then applying a two-level role enhancement to her offense-level under USSG § 3B1.1(c), as had been recommended by the presentence report ("PSR"). Egans contends that she was not in fact a "supervisor" even though she was "called a supervisor" at ARS because she did not exercise control over her supervisees, was subject to the direct control of her supervisors, and claimed no share in the profits.

A court may impose a two-level role enhancement if there is evidence that "the defendant exercised some control over others involved in the commission of the offense [or was] responsible for organizing others for the purpose of carrying out the crime." *United States v. Salcido-Corrales*, 249 F.3d 1151, 1154 (9th Cir. 2001) (citations and quotation marks omitted). "Regardless of the district court's specific statements at sentencing, the enhancement is proper nonetheless if there is evidence in the record that would support the conclusion that [the defendant] did, in fact, exercise the requisite control over others." *United States v. Whitney*, 673 F.3d 965, 976 (9th Cir. 2012). Here, the enhancement is amply supported by the record. Egans admits, and the evidence at trial establishes, that she "supervised" and "directed" at least three co-defendants: Tina St. Julian, Denise Lugo, and Shameca Womac. *See United States v. Herrera*, 974 F.3d 1040, 1046 (9th Cir.

2

2020) (affirming a three-level role enhancement for a defendant who "acknowledged 'he could be said to have directed or supervised [his co-defendant]'"). Further, Egans audited her supervisees' paperwork to ensure that counselors followed ARS's fraudulent billing practices; directed counselors to collect students' signatures on sign-in sheets for counseling sessions, regardless of actual attendance; and trained counselors to fabricate student progress notes and update logs for billing purposes. At least St. Julian and Lugo followed her instructions. *See United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir. 2000) ("A single incident of persons acting under a defendant's direction is sufficient evidence to support a two-level role enhancement.").

2. Nor was the below-Guidelines sentence substantively unreasonable. Egans participated in a years-long fraudulent scheme in which she supervised, directed, and covered up "reimbursements" of over $1.2 million from a public health program and burdened high-school and middle-school students with a sham history of substance-abuse. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Egans argues that the district court abused its discretion by disregarding several 18 U.S.C. § 3553(a)(1) sentencing factors and imposed a disproportionate sentence relative to others convicted in the scheme. However, the district court expressly considered the § 3553(a) factors. And as Egans acknowledges, each of her co-defendants who received a lower sentence entered a

guilty plea and cooperated with the government. A "sentencing disparity based on cooperation is not unreasonable." *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009). Moreover, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Carty*, 520 F.3d at 994 (citations omitted).

**AFFIRMED.**